UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

IN RE:

RIVERSTONE RESORT, LLC           Case No. 21-33531
    Debtor                                Chapter 11
                                      Re: Docket Nos.: 158, 159 and 160

**PARTY-IN-INTEREST'S OBJECTION TO EMERGENCY MOTION FOR EMERGENCY CONSIDERATION OF TRUSTEE'S (I) MOTION FOR TURNOVER OF REAL PROPERTY AND (II) APPLICATION TO EMPLOY REAL ESTATE AGENT AND BROKER**

**PARTY-IN-INTEREST'S OBJECTION TO APPLICATION TO EMPLOY KEVIN RILES COMMERICAL AND KEVIN RILES AS REAL ESTATE BROKER AND AGENT**

**PARTY-IN-INTEREST'S OBJECTION TO MOTION FOR TURNOVER OF PROPERTY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

     **NOW COMES** Azhar M. Chaudhary, party-in-interest, sole shareholder and principal of the debtor, Riverstone Resort, LLC, (hereinafter "Chaudhary") and, without waiving any available substantive responsive arguments, files objections to the *Motion for Emergency Consideration of the Trustee's (I) Motion for Turnover of Real Property, and (II) Application to Employ Real Estate Broker and Agent* and objections to *(I) Motion for Turnover of Real Property, and (II) Application to Employ Real Estate Broker,* and *Agent* in support would respectfully show the court as follows:

**STANDING**

    1. Azhar M. Chaudhary, as party-in-interest, sole shareholder and principal of the debtor, Riverstone Resort, LLC, has standing to file these objections, because the debtor is solvent, there's equity in the property even after paying the secured and unsecured creditors,

Page 1

including any administrative fees associated with the appointment of ty trustee.

## OBJECTION TO EMERGENCY CONSIDERATION OF THE TRUSTEE'S MOTIONS

2. There's no emergency, Chaudhary hereby objects to the emergency consideration of the trustee's motions.

## OBJECTION TO TRUSTEE'S APPLICATION TO EMPLOYREAL ESTATE BROKER AND AGENT

3. Riverstone Resort, LLC filed for bankruptcy relief on October 29, 2021 under Chapter 11 of the Bankruptcy Code in the above captioned bankruptcy case.

4. The debtor entered into a contract to sell part of the subject property for 6.6 million dollars, the closing was scheduled on July 11, 2022l however, the buyer backed out and the sale failed.

5. On July 18, 2022, the Honorable Court, sua sponte, converted the case from chapter 11 to chapter 7, appointing Allison D. Byman as the trustee.

6. On July 28, 2022, in a phone conference the trustee was informed that a cash buyer was interested in purchasing part of the subject property (30 acres) for 3.5 million dollars, and that this buyer, for business reasons, wanted to close the transaction as early as August 5, 2022. In the same phone conference, the trustee was also informed that the 3.5 million dollars sale was sufficient to more than cover payments to all secured and unsecured creditors, leaving approximately $600,000.00 and change. *See* sale contract attached herewith as Exhibit A.

7. The trustee initially engaged the buyer's attorney, but after several weeks of asking for changes to terms of contract, all of which were agreed to by the cash buyer,  appears have abandoned that buyer without offering any explanation whatsoever.

8. Chaudhary respectfully request that the Honorable Court may take judicial notice that the 3.5 million dollars sale did not require payment of commission to a broker; however, the trustee now wants to hire a broker at the expense of 6 percent commission to the detriment of the bankruptcy estate. More importantly, the price per acre offered by the buyer, summarily rejected by the trustee, was calculated to be more than $116,000.00/acre; yet the trustee, after summarily rejecting this bona fide cash buyer, wants to list the entire 75 acres at approximately $52,000.00/acre, less than half of what the buyer rejected by the trustee was willing to pay.

9. Chaudhary respectfully requests that the Honorable Court may take judicial notice of the fact that had the sale occurred on August 5, 2022, the debtor would have saved approximately $900.00/day to date in exorbitant 18 percent usurious per diem interest being levied against the bankruptcy estate by Prosperity Bank.

10. Chaudhary respectfully requests that the Honorable Court enter an order requiring the trustee to diligently pursue the buyer ready and willing to offer 3.5 million dollars, at least twice as much as what the trustee wants to list the property for, before employing a broker, because if the sale with this cash buyer may be consummated, the bankruptcy estate would save hundreds of thousands of dollars in broker commission, would maximize the value of the bankruptcy estate and most importantly, all creditors would be paid in full.

### OBJECTION TO TRUSTEE'S MOTION FOR TURNOVER OF REAL PROPERTY

11. On August 17, 2022, counsel for the trustee, Aaron Powers sent a letter to Chaudhary threatening him with eviction from the subject property. It is rather odd that the trustee's counsel went out of his way to underscore that Chaudhary and his family would be, for lack of a better phrase, thrown out with the help of Federal Marshals. Aaron Powers letter

only allowed Chaudhary 10 days to vacate the property, no later than August 25, 2022.

12. On July 18, 2022, a meeting of creditors was conducted at 10:00 am. Chaudhary was previously scheduled to drive to Austin for a family engagement on August 18, 2022. Chaudhary informed Aaron Powers through his counsel in the adversary associated with this case, that he would be driving at that time, and if at all possible, the creditor's conference call may be continued to a later date—the meeting was not continued.

13. On August 18, 2022 at 10:00 a.m., the meeting of creditors commenced, Chaudhary appeared by telephone while driving through heavy rain, but was disconnected due to bad connection—Chaudhary tried to call back but was unsuccessful.

14. After attempting to connect multiple times, Chaudhary abandoned further attempts as it became dangerous to continue to attempt the call while driving through bad weather conditions. Chaudhary later learned on Friday evening that The trustee's representative continued the meeting of creditors to 12:00 p.m. on August 18, 2022, unfortunately, it was too late. Presently, the creditors meeting is scheduled on September 1, 2022 at 1:30 p.m.

15. On August 18, 2022, the trustee filed a motion seeking turnover of the property and requiring Chaudhary to vacate the Property, and an application to employ a real estate broker to market and sell the Property.

16. Chaudhary has lived on the property and maintained it in good condition. Contrary to the arbitrary argument made by the trustee in her motion that Chaudhary is a hinderance, Chaudhary's occupation of the property adds value to the subject property.

17. Interestingly, prior to the appointment of the trustee, three offers were received in the amounts of $6.6 million dollars, $6.5 million dollars and 3.5 million dollars for partial sale of approximately 14 acres of land; however, none of those potential buyers considered

Chaudhary a hindrance.

18.  Chaudhary respectfully requests that the Honorable Court may consider that he may be allowed to pay rent for the occupation for the property, until the sale of the property takes place, rental income would generate revenue for the bankruptcy estate and would be a more productive course of action, as the alternative would require the estate to spend money to maintain the estate by paying third parties.

**WHEREFORE**, **PREMISES CONSDIERED**, Chaudhary respectfully requests that this Honorable Court enter an order denying emergency consideration of the trustee's motions, including the trustee's motions for employment of broker and turnover of real property and for such other relief to which Riverstone is entitled.

Respectfully submitted,

_____
/s/ *Azhar M. Chaudhary*
Azhar M. Chaudhary
Attorney at Law
440 Louisiana,
Suite 948
Houston, Texas 77002
(281) 265-1010
(281) 265-1011 FAX
State Bar No. 20543700
attorney@chaudharyjd.com
Party-in-interest, *pro se*

## CERTIFICATE OF SERVICE

      I, Azhar M. Chaudhary, hereby certify that this instrument was served by electronic transmission to all registered ECF users appearing in the case on August 22, 2022.

                                           */s/Azhar M. Chaudhary*
                                           Azhar M. Chaudhary

### SERVICE LIST

Fort Bend County Tax Assessor Collector
1317 Heimann Circle
Richmond, TX 77469-3623

Fort Bend Independent School District
301 Jackson Street
Richmond, TX 77469

U.S. Small Business Administration
1545 Hawkins Blvd Suite 202
El Paso, TX 7992

Prosperity Bank
23310 Cinco Ranch Blvd
Katy, TX 77494-2883

Muncsh Hardt Kopf & Harr PC
700 Milam Street Suite 2700
Houston, TX 77002-2806

Sanjay R. Chadha Law PLLC
440 Louisiana Suite 900
Houston, TX 77002

Parties Requesting Notice:
Hector Duran Jr.
Assistant U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, TX 77002

John P. Dillman

Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Owen M. Sonik
Perdue Brandon Fielder Collins & Mott LLP
1235 North Loop West Suite 600
Houston, TX 77008

Chad W. Cowan
Assistant US Attorney
1000 Louisiana Street Suite 2300
Houston, TX 77002