IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIVERSTONE RESORT, L.L.C., | § | Case No. 21-33531 |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | **Re: Docket No. 226** |

**PROSPERITY BANK'S OBJECTION
TO THE DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11**

Prosperity Bank ("Prosperity") files this objection to the *Debtor's Motion to Convert Case to Chapter 11* [Docket No. 226] (the "Motion") and states as follows:

1. The Motion should be denied under section 706(a) of the bankruptcy code, which provides:

> The debtor may convert a case under this chapter [7] to a case under chapter 11, 12, or 13 of this title at any time *if the case has not been converted under section 1112*, 1208, or 1307 of this title.

11 U.S.C. § 706(a). At the hearing on July 18, 2022, the Court found as follows:

> 10  I'm going to make findings that based on the
> 11  evidence, that the debtor has failed to comply with multiple
> 12  orders of this Court, that it cannot timely confirm a plan
> 13  without the sale of the property, which to this point in time
> 14  has not occurred, and that this case should be converted to a
> 15  Chapter 7.  The Chapter 7 trustee should be appointed, and that
> 16  trustee should then make a determination whether the property
> 17  can be sold or not.  And if it can be, the trustee can sell it,
> 18  and if not, it can go back to the bank.  But I want to get a
> 19  trustee involved.  I want to get an independent party to make a
> 20  determination of equity.  I want to protect the position of the
> 21  SBA.  And I think the best way to do that is to convert the
> 22  case to a Chapter 7, effective immediately.

Transcript of Emergency Motion to Authorize Foreclosure [135], p. 26.

2. The Court's Order following that hearing stated that this case was being converted "for the reasons stated on the record, including but not limited to: (1) failure to comply with orders of the Court; (2) failure to timely confirm a Chapter 11 Plan; and (3) for the protection of creditors." Order Converting Case to Chapter 7 [Docket No. 144] (the "<u>Conversion Order</u>").

3. Section 1112 provides that a case may be converted from a case under chapter 11 to one under chapter 7 for cause. 11 U.S.C. § 1112(b). Cause includes, for the purpose of section 1112, "failure to comply with an order of the court" [section 1112(b)(4)(E)] and "failure to . . . confirm a plan" [section 1112(b)(4)(J)] – both of which were specifically mentioned in the Conversion Order. The Court made multiple other findings as to the cause that existed for conversion on the record at the July 18, 2022 hearing. This case was converted under section 1112 of the Bankruptcy Code and cannot be converted back to chapter 11. 11 U.S.C. § 706(a).

4. The Motion is yet another attempt to escape third-party oversight and control of the Debtor. The Court has stated it will not dismiss the case until all claims against the estate are resolved. Prosperity continues to hold a secured claim against the Debtor, which will not change if the case is converted back to chapter 11.

5. The Debtor is administratively insolvent. It has no income. It merely has contributions from its principal, Azhar Chaudhary ("<u>Chaudhary</u>"). The Motion fails to show how Chaudhary is better at running a non-business better than the chapter 7 Trustee, especially when

    a. The Debtor never really marketed the Property and did not intend to sell it;

    b. The Debtor opposed a sale of the Property after the case was converted to chapter 7, and settled that dispute with the Trustee by agreeing to pay rent instead;

    c. The Debtor failed to pay claims in full despite continuing to file pleadings saying it has done so (*e.g.*, paragraph 5 of the Motion);

    d. The Debtor did not take *any* of the actions it boasts in paragraph 5 of the Motion until *after* the case was converted to chapter 7; and

    e. Chaudhary continues to file pleadings in state court purporting to act on behalf of the Debtor.

6. Chaudhary's actions demonstrate a complete disregard for fiduciary duties owed to the estate, orders of this Court, and now, the express provisions of the Bankruptcy Code. The Debtor should not be placed back under his control. The Motion ignores section 706 of the Bankruptcy Code and should be denied.

Respectfully submitted,

*/s/ Victoria Argeroplos*
**JACKSON WALKER LLP**
Elizabeth C. Freeman
Texas Bar No. 24009222
Victoria Argeroplos
Texas Bar No. 24105799
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone:   713-752-4334
Facsimile:    713-308-4314
Email:         efreeman@jw.com
                   vargeroplos@jw.com

**Counsel for Prosperity Bank**

## CERTIFICATE OF SERVICE

  I hereby certify that on November 21, 2022, I caused the foregoing document to be served on counsel for Debtor and all parties receiving or entitled to notice through CM/ECF.

              */s/ Victoria Argeroplos*
              Victoria Argeroplos

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIVERSTONE RESORT, L.L.C., | § | Case No. 21-33531 |
| | § | |
| DEBTOR. | § | Chapter 7 |
| | § | **Re: Docket No. 226** |

**ORDER DENYING**
**DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11**

The Court considered the *Debtor's Motion to Convert Case to Chapter 11* [Docket No. 226] (the "Motion"), the objection to the Motion filed by Prosperity Bank, the arguments of counsel, if any, and all other proceedings before the Court in the above-captioned case.

It is ORDERED THAT the Motion is DENIED.

Signed: _____

_____
Jeffrey P. Norman
United States Bankruptcy Judge