UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re

| | |
|---|---|
| RIVERSTONE RESORT, LLC | Case No. 21-33531-H5-7 |
| Debtor | Chapter 7 |

**DEBTOR'S MOTION TO DISMISS CASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Debtor, Riverstone Resort, LLC, files the Debtor's Motion to Dismiss Case and would respectfully show the Court:

NOTICE OF RIGHT TO REQUEST A HEARING

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

NOTICE OF HEARING

A HEARING HAS BEEN SET ON THIS MATTER ON JANUARY 11, 2023, AT 1:30 P.M. IN COURTROOM #403, AT THE U.S. COURTHOUSE, 515 RUSK, HOUSTON, TEXAS.

PURSUANT TO GENERAL ORDER 2021-5 THE HEARING MAY BE HELD IN PERSON AND BY REMOTE PARTICIPATION. PLEASE SEE THE COURT'S WEBSITE FOR INSTRUCTIONS ON HOW TO CONNECT BY AUDIO AND VIDEO.

EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO

ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATON IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

1. The authority to dismiss the case is 11 USC Section 707(a).  The authority for the motion to convert to Chapter 11 is 11 USC Section 706(a). The Bankruptcy Court has jurisdiction over this matter pursuant to 28 USC Section 1334(b) and 157.  This is a core proceeding under 28 USC Section 157(b)(2)(A). The Movant consents to the entry of a final order by the Bankruptcy Court.

2. The Debtor filed this case under Chapter 11 on October 29, 2021.   The bankruptcy court *sua sponte* converted the case to Chapter 7 on July 18, 2022.

3. Since the case was converted to Chapter 7, Azhar Chaudhary, the sole member of the Debtor and the co-obligor on the Debtor's debts, paid the Debtor's unsecured claims in full with contract interest.  Mr. Chaudhary also paid the delinquent real property tax claims.  In addition, Mr. Chaudhary paid Prosperity Bank's pre-petition claim and post-petition interest.  However, the Bank has charged post-petition attorneys fees to the Debtor's account which the Debtor disputes.  The holders of the unsecured and secured property tax claims have withdrawn their claims.  The claims, as set forth in the Claims Register in this case, and the payment of the claims are as follows:

    A.  <u>Claim No. 1, Fort Bend County in the amount of $12,945.59:</u>    Claimholder filed a Withdrawal of Claim at on October 12, 2022 ECF No. 221.

    B.  <u>Claim No. 2, Fort Bend Independent School District in the amount of $32,143.03:</u>  Claimholder filed a Notice of Satisfaction of Claim on October 10, 2022 at ECF No. 217.

    C.  <u>Claim No 3, U.S. Small Business Administration in the amount of $130,708.66:</u>  Claimholder filed a Notice of Withdrawal of Proof of Claim on December 2, 2022 at ECF No. 249.

 D. <u>Claim No. 4, Prosperity Bank in the amount of $2,658,947.92</u>:  Claimholder was paid $2,796,927.00 on August 24, 2022 but continues to charge post-petition attorneys fees which are disputed by the Debtor.  In addition to this payment, the Debtor previously paid the sum of $182,870.02 as adequate protection payments.

 E. <u>Claim No. 5, Sanjay R. Chadha Law, PLLC in the amount of $232,994.25</u>: Claimholder filed a Notice of Withdrawal of Claim on October 31, 2022 at ECF No. 227.

 F. <u>Claim No. 6, United States Trustee in the amount of $1,366.00</u>:  Claimholder filed a Notice of Withdrawal of Proof of Claim on December 1, 2022 at ECF No. 248.

 G. <u>Unfiled Claim, Munsch Hardt Kapf & Harr PC in the amount of $30,643.01</u>: This was a scheduled creditor who has not filed a claim after the case was converted to Chapter 7.   The claimholder has been paid in full and has acknowledged receipt of the payment.

6. On December 1, 2022 Mr. Chaudhary tendered the sum of $48,842.78 to Allison Bynum, the Chapter 7 trustee, pursuant to an Agreed Order entered by the Honorable Court on November 16, 2022 at ECF No. 244.

7. The only creditor which asserts it has not been paid in full is Prosperity Bank.  Their pre-petition claim was $2,658,947.92.  They assert post-petition interest at the default rate.  Their accrued interest at the default rate from October 29, 2021, the date this case was filed, to August 24, 2022, the date Mr. Chaudhary made the above payment, was $267,897.99.  This total amount is $2,926,845.91.  The total amount paid by the Debtor and Mr. Chaudhary, as set forth above, was $2,979,707.02, a sum exceeding their claim amount plus the post-petition default interest.  To the extent Prosperity Bank continues to show a balance due, the balance is solely attributable to post-petition attorneys fees that have been added to the account but have not yet been allowed pursuance to 11 U.S.C. Section 506(c).  See *Wells Fargo Bank, N.A. v. 804 Congress, L.L.C. (In re 804 Congress L.L.C.,* 756 F.3d 368 (5th Cir. 2014) holding that an oversecured creditor's allowance of post-petition attorneys fees was governed by Section 506(a).  Therefore, given that

Prosperity Bank's pre-petition claim plus post-petition interest have been paid, it should be treated by this Court as paid unless and until Prosperity Bank moves to allow additional attorneys fees pursuant to Section 506(c).

9. So long as the case is pending under Chapter 7, the trustee will continue to charge the Debtor's estate for the expenses to administer the case. It is therefore necessary to formally terminate the trustee's duties and allow them to file a claim for their administrative expenses. Given these changes in circumstances, there is sufficient cause to dismiss the Debtor's case. 9. Arguably, the trustee is not entitled to compensation after the payment of the unsecured claims since any subsequent administration would be solely for the benefit of the secured creditor Prosperity Bank. See e.g. *In re Crisp*, 26 B.R. 274 (Bankr. W.D. Ky 1982) for the proposition that a trustee is not entitled to compensation for administering a case solely for the benefit of a secured creditor). Some courts have been more explicit in analyzing the trustee's compensation. See *In re Mingledorff*, No. 12-41543-EJC, 2015 Bankr. LEXIS 2076, at *1 (Bankr. S.D. Ga. June 23, 2015):

> "Although the statutory scheme may not be a model of clarity, the language of 11 U.S.C. Section 326(a) is clear and unambiguous on the point that reasonable compensation to a Chapter 7 trustee cannot be calculated without any disbursements or money turned over to any parties in interest. Perhaps, a more precise statement would be that where no distributions are made and no money is turned over, the plain language of Section 326(a) directs that the calculation of the trustee's maximum compensation yields a result of $0."

10. Furthermore, since the payment of the Debtor's debt by the co-obligor, the Debtor is now a "solvent debtor" since the value of its assets greatly exceeds any remaining claim of Prosperity Bank and the anticipated administrative fees. Therefore, as a "solvent debtor", the Debtor is conferred with standing to participate in the main case and the adversaries pending

against the Debtor. Inasmuch as the outcomes of these adversaries have the potential to directly, adversely and financially impact the Debtor, it is a "person aggrieved" for the purpose of standing. *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V.* (347 F.3d 589 (5th Cir. 2003) citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *In re Mandel*, 641 F. App'x 400, 402 (5th Cir. 2016) (unpublished) (quoting *Fortune Nat. Res. Corp v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). Therefore, under this circumstance, it would be duplicative, counterproductive and unnecessary for the trustee to represent the Debtor's interest when the Debtor has standing and solvency to represent its own interests. Therefore, not dismissing the Debtor's main case would have the effect of also increasing the Debtor's liability for the trustee's administrative costs.

11. There are two adversary proceedings pending with the Court. They may be dismissed and the issues arising in those proceedings litigated elsewhere. Or they may be retained by Court at the discretion of the Court as ancillary matters. *In re Querner,* 7 F3d 1199, 1201-02 (5th Cir. 1993) ("Notwithstanding the general rule (favoring dismissal of related proceedings), however, nothing in the statute governing bankruptcy jurisdiction mandates automatic dismissal of relating proceedings upon termination of the underlying bankruptcy case".)

12. In addition, the bankruptcy court retains ancillary jurisdiction of a dismissed case to tie up any "loose ends", such as the determination of administrative claims and fee applications, that may concern either Prosperity Bank or the trustee. See *In re Sweports, Ltd.,* 777 F3d 364 (7th Cir. 2015). Therefore, it is not necessary to delay the dismissal of the case because there are remaining ancillary matters.

WHEREFORE, PREMISES CONSIDERED, the Movant prays that the Honorable Court dismiss this case and for such other relief as is just.

Respectfully submitted,

/s/David L. Venable

_____
David L. Venable
State Bar No. 20543700
Attorney for Debtor
13201 Northwest Fwy Suite 800
Houston, Texas 77040
(713) 956-1400
(713) 984-8285 (Fax)

CERTIFICATE OF SERVICE

I, David L. Venable, certify that a true and correct copy of the Debtor's Motion to Dismiss Case was served pursuant to Local Rule 9013-1(d) upon the entities set forth below, by the manner indicated, on December 5, 2022.

Respectfully submitted,

/s/ David L. Venable

_____
**David L. Venable**          TBA#20543700
Attorney for Debtor

Chapter 7 Trustee
Allison D. Byman                    By electronic mail to
Byman & Associates PLLC             rww@bymanlaw.com
7924 Broadway Suite 104
Pearland, TX  77581

Aaron J. Power                      By electronic mail to
Porter Hedges LLP                   apower@porterhedges.com
1000 Main Street, 36th Floor
Houston, TX  77002

<u>All creditors </u>(by first class mail with proper postage prepaid and properly addressed)
Fort Bend County Tax Assessor Collector
1317 Heimann Circle
Richmond, TX  77469-3623

Fort Bend Independent School District
301 Jackson Street
Richmond, TX  77469

U.S. Small Business Administration
1545 Hawkins Blvd Suite 202
El Paso, TX  79925

Prosperity Bank
23310 Cinco Ranch Blvd
Katy, TX  77494-2883

Muncsh Hardt Kopf & Harr PC
700 Milam Street Suite 2700
Houston, TX  77002-2806
Sanjay R. Chadha Law PLLC
440 Louisiana Suite 900
Houston, TX  77002

| <u>Parties Requesting Notice</u>: | <u>Certificate of Service Only</u> |
|---|---|
| Hector Duran Jr.<br>Assistant U.S. Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX  77002 | By electronic mail to<br>Hector.Duran.Jr@usdoj.gov |
| John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>PO Box 3064<br>Houston, TX  77253-3064 | By electronic mail to<br>Houston_bankruptcy@publicans.com |
| Owen M. Sonik<br>Perdue Brandon Fielder Collins & Mott LLP<br>1235 North Loop West Suite 600<br>Houston, TX  77008 | By electronic mail to<br>osonik@pbfcm.com |
| Chad W. Cowan<br>Assistant US Attorney<br>1000 Louisiana Street Suite 2300<br>Houston, TX  77002 | By electronic mail to<br>chad.cowan@usdoj.gov |

| | |
|---|---|
| Victoria Argeroplos<br>Jackson Walker LLP<br>1401 McKinney Street Suite 1900<br>Houston, TX  77010 | By electronic mail to<br>vargeroplos@jw.com |
| Bell Nunnally & Martin LLP<br>2323 Ross Avenue Suite 1900<br>Dallas, TX  75201 | By electronic mail to<br>rmills@bellnunnally.com<br>dwalton@bellnunnally.com<br>rburley@bellnunnally.com |
| Johnie Patterson<br>Walker & Patterson P.C.<br>PO Box 61301<br>Houston, TX  77208 | By electronic mail to<br>jjp@walkerandpatterson.com<br>and regular mail, postage prepaid |
| <u>U.S. Trustee</u>:<br>515 Rusk Avenue, Suite 3516<br>Houston, TX  77002 | By electronic mail to<br>USTPRegion07.HU.ECF@USDOJ.gov |