UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re

RIVERSTONE RESORT, LLC                    Case No. 21-33531-H5-7
    Debtor                                              Chapter 7

## DEBTOR'S REPLY TO PROSPERITY BANK'S OBJECTION
## TO THE DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    The Debtor, Riverstone Resort, LLC, files the Debtor's Reply to Prosperity Bank's Response to the Motion to Convert Case to Chapter 11 (ECF No. 247) and would respectfully show the Court:

    1. Prosperity Bank recites the Honorable Court's ruling at the hearing on July 18, 2022. However, Prosperity Bank fails to clarify that this ruling was not made pursuant to a hearing on a motion to convert the case under 11 U.S.C. Section 1211. Instead, the ruling was made *sua sponte* under the Court's authority pursuant to 11 U.S.C. Section 105 and is cited as such in the Honorable Court's Order Converting Case to Chapter 7 (ECF No. 144). Therefore, Prosperity Bank's objection on the basis that Section 706(a) is misplaced.

    2. The arguments in paragraph 5 of the Bank's objection are misleading. The Debtor actively marketed the property and its agent presented offers which were presented to the Court. It was unforeseen that the selected buyer backed out on the eve of closing, Furthermore, the Debtor provided another buyer after the case was converted to Chapter 7 that was ready to close in a matter of days which the trustee did not pursue for reasons unknown to the Debtor. And, the reason Mr. Chaudhary could not pay the claims until after the case was converted is because

these funds were not available to him until after the date of conversion.

3. There were six claims filed in this case. Claims One and Two were by the taxing authorities with a lien on the Debtor's real property. Claims Three, Five and Six were by the U.S. Small Business Administration, Sanjay R. Chadha Law, PLLC, and the United States Trustee, respectively. All of the claims have been paid and the claimholders have filed notices in the case withdrawing their claims (ECF No. 221, 217, 249, 227, and 248, respectively).

4. Prosperity Bank's claim is Claim No. 4. Contrary to Prosperity Bank's assertions, its "allowed" claim has been paid. Its pre-petition claim was $2,658,947.92. The accrued post-petition default interest was $267,897.00 as of the date Mr. Chaudhary paid them $2,796,927.00. The Debtor previously paid the Bank $182,870.02. Therefore, the total payments of $2,979,797.02 is greater than their allowed claim of $2,926,845.91. Prosperity Bank has been charging the Debtor's account for post-petition attorneys fees and costs. However, none of these fees have been "allowed" and therefore it is disingenuous to argue its "allowed" claim has not been paid. See *Wells Fargo Bank, N.A. v. 804 Congress, L.L.C. (In re 804 Congress L.L.C.*, 756 F.3d 368 (5th Cir. 2014) holding that an oversecured creditor's allowance of post-petition attorneys fees was governed by 11 U.S.C. Section 50(a).

5. Finally, Prosperity Bank remarks that Mr. Chaudhary has acted to protect the Debtor's interest in the Debtor' state court action against Prosperity Bank. However, the Bank ignores the fact that Mr. Chaudhary is a party to that lawsuit and that the bankruptcy stay was modified to allow the state court action to proceed. Thus, any action Mr. Chaudhary may have taken in the state court proceeding was to protect the his and the Debtor's concurrent interests in the litigation.

Respectfully submitted,

/s/David L. Venable

_____
David L. Venable
State Bar No. 20543700
Attorney for Debtor
13201 Northwest Fwy Suite 800
Houston, Texas 77040
(713) 956-1400
(713) 984-8285 (Fax)

CERTIFICATE OF SERVICE

I, David L. Venable, certify that a true and correct copy of the Debtor's Reply to Prosperity Bank's Response to the Motion to Convert Case to Chapter 11 was served pursuant to Local Rule 9013-1(d) upon the entities set forth below, by the manner indicated, on December 5, 2022.

Respectfully submitted,

/s/ David L. Venable

_____
**David L. Venable**           TBA#20543700
Attorney for Debtor

Chapter 7 Trustee
Allison D. Byman                    By electronic mail to
Byman & Associates PLLC             rww@bymanlaw.com
7924 Broadway Suite 104
Pearland, TX  77581

Aaron J. Power                      By electronic mail to
Porter Hedges LLP                   apower@porterhedges.com
1000 Main Street, 36th Floor
Houston, TX  77002

| | |
|---|---|
| <u>Parties Requesting Notice</u>:<br>Hector Duran Jr.<br>Assistant U.S. Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX  77002 | <u>Certificate of Service Only</u><br>By electronic mail to<br>Hector.Duran.Jr@usdoj.gov |
| John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>PO Box 3064<br>Houston, TX  77253-3064 | By electronic mail to<br>Houston_bankruptcy@publicans.com |
| Owen M. Sonik<br>Perdue Brandon Fielder Collins & Mott LLP<br>1235 North Loop West Suite 600<br>Houston, TX  77008 | By electronic mail to<br>osonik@pbfcm.com |
| Chad W. Cowan<br>Assistant US Attorney<br>1000 Louisiana Street Suite 2300<br>Houston, TX  77002 | By electronic mail to<br>chad.cowan@usdoj.gov |
| Victoria Argeroplos<br>Jackson Walker LLP<br>1401 McKinney Street Suite 1900<br>Houston, TX  77010 | By electronic mail to<br>vargeroplos@jw.com |
| Bell Nunnally & Martin LLP<br>2323 Ross Avenue Suite 1900<br>Dallas, TX  75201 | By electronic mail to<br>rmills@bellnunnally.com<br>dwalton@bellnunnally.com<br>rburley@bellnunnally.com |
| Johnie Patterson<br>Walker & Patterson P.C.<br>PO Box 61301<br>Houston, TX  77208 | By electronic mail to<br>jjp@walkerandpatterson.com<br>and regular mail, postage prepaid |
| <u>U.S. Trustee</u>:<br>515 Rusk Avenue, Suite 3516<br>Houston, TX  77002 | By electronic mail to<br>USTPRegion07.HU.ECF@USDOJ.gov |